IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HARVEY HULL;<br>ALICIA KIRSCHKE;<br>COREY GUNVILLE; and<br>JESSICA CHARBONNEAU | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 856(a)(1), and 856(b); and 18 U.S.C. § 2 |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances**

The Grand Jury Charges:

From in or about 2019 and continuing through the date of this Indictment, in the District of North Dakota, the Eastern District of Michigan, and elsewhere,

HARVEY HULL;
ALICIA KIRSCHKE;
COREY GUNVILLE; and
JESSICA CHARBONNEAU,

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute a controlled substance, namely: (i) a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance; and (ii) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Drug Quantity

With respect to HARVEY HULL, the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide") involved in the conspiracy attributable to each of these individuals as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to that individual, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(B).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone and fentanyl in or near the Turtle Mountain Indian Reservation; the Fort Berthold Indian Reservation; Minot, North Dakota; Bismarck, North Dakota; and elsewhere, including but not limited to the following:

> (a) On or about January 7, 2020, HARVEY HULL and COREY GUNVILLE, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 175 pills containing a detectable amount of fentanyl, in or near the Fort Berthold Indian Reservation, North Dakota;

(b) On or about January 7, 2020, HARVEY HULL and COREY GUNVILLE, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 86 pills containing a detectable amount of oxycodone, in or near the Fort Berthold Indian Reservation, North Dakota;

(c) On or about January 7, 2020, HARVEY HULL and ALICIA KIRSCHKE, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately one pill containing a detectable amount of fentanyl, in or near the Turtle Mountain Indian Reservation, North Dakota;

(d) On or about January 7, 2020, HARVEY HULL and ALICIA KIRSCHKE, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately seven pills containing a detectable amount of oxycodone, in or near the Turtle Mountain Indian Reservation, North Dakota;

2. It was further a part of said conspiracy that certain conspirators sought and located users of oxycodone and fentanyl to purchase controlled substances from other conspirators;

3. It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of oxycodone and fentanyl for other conspirators;

4. It was further a part of said conspiracy that one or more conspirators traveled between the states of Michigan and North Dakota, and elsewhere, to obtain, transport, and distribute opiate pills and powders containing oxycodone and fentanyl;

5. It was further a part of said conspiracy that one or more of the conspirators traveled between Michigan and North Dakota via bus, automobile (including rental vehicles), airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

6. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms in North Dakota, Michigan, and elsewhere, from which to store, possess, and distribute oxycodone and fentanyl;

7. It was further a part of said conspiracy that conspirators utilized residences in North Dakota, to include, but not be limited to, residences located on the Turtle Mountain Indian Reservation and the Fort Berthold Indian Reservation to store, conceal, and distribute controlled substances, and to store and conceal the proceeds of drug trafficking conduct;

8. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase pills containing oxycodone and fentanyl;

9. It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

10. It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

11. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of oxycodone and fentanyl; and

12. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including Facebook, to facilitate the distribution of oxycodone and fentanyl;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Possession with Intent to Distribute a Controlled Substance
(Fentanyl Mixture)**

The Grand Jury Further Charges:

On or about January 7, 2020, in the District of North Dakota, and elsewhere,

>HARVEY HULL and
>COREY GUNVILLE,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, approximately 175 pills that were a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE

**Possession with Intent to Distribute a Controlled Substance
(Oxycodone Mixture)**

The Grand Jury Further Charges:

On or about January 7, 2020, in the District of North Dakota, and elsewhere,

>HARVEY HULL and
>COREY GUNVILLE,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, approximately 86 pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Possession with Intent to Distribute a Controlled Substance
(Fentanyl Mixture)**

The Grand Jury Further Charges:

On or about February 13, 2021, in the District of North Dakota, and elsewhere,

>HARVEY HULL and
>ALICIA KIRSCHKE,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, approximately one pill that were a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Possession with Intent to Distribute a Controlled Substance
(Oxycodone Mixture)**

The Grand Jury Further Charges:

On or about February 13, 2021, in the District of North Dakota, and elsewhere,

>HARVEY HULL and
>ALICIA KIRSCHKE,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, approximately seven pills that were a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT SIX

**Maintaining Drug-Involved Premises**

The Grand Jury Further Charges:

Beginning in or about 2020 and continuing through February 2021, in the District of North Dakota, and elsewhere,

HARVEY HULL and<br>
JESSICA CHARBONNEAU,

individually, and by aiding and abetting, knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of distributing and using any controlled substance; specifically, HARVEY HULL and JESSICA CHARBONNEAU opened, used, and maintained one or more residences in or near the Turtle Mountain Indian Reservation, North Dakota, for purposes of distributing opiate pills that were a mixture and substance containing oxycodone and fentanyl, both Schedule II controlled substances, and other controlled substances;

In violation of Title 21, United States Code, Sections 856(a)(1) and 856(b), and Title 18, United States Code, Section 2.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Nicholas W. Chase
NICHOLAS W. CHASE
United States Attorney

DMD/vt